UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHRISTY LOVELAND, FIDEL MOLINA,<br><br>Plaintiffs,<br><br>v.<br><br>ADA COUNTY, AMANDA CASE, KAREN ALLEN, JAMES CAWTHON, GALEN CARLSON,<br><br>Defendants. | Case No. 1:18-cv-352-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Pending before the Court is defendants' motion to dismiss. The motion is fully briefed and at issue. For the reasons stated below, the Court will grant the motion.

## BACKGROUND

Plaintiffs are parents seeking to regain custody of their children. They claim that their federal constitutional rights were violated when the state of Idaho was granted temporary custody of their minor children in a child protection proceeding currently pending in Ada County Magistrate Court. They ask this Court to (1) dismiss those proceedings, (2) enjoin the Ada County Magistrate Judge from granting custody of plaintiffs' children to the State, and (3) order the State to return the children to plaintiffs'

custody. The defendants respond by asking this Court to abstain from taking jurisdiction and to dismiss this action

## ANALYSIS

In *Younger v. Harris*, 401 U.S. 37, 43-54 (1971), the Supreme Court reaffirmed the long-standing principle that federal courts sitting in equity cannot, absent exceptional circumstances, enjoin pending state criminal proceedings. The "exceptional circumstances" that would counsel against abstaining include those cases where the "state proceeding is motivated by a desire to harass or is conducted in bad faith, or where the challenged statute is flagrantly and patently violative of express constitutional prohibitions in every clause . . ." *Moore v. Sims,* 442 U.S. 415, 424 (1979). The Ninth Circuit has developed a five-prong test that compels abstention

> only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges. If these 'threshold elements' are met, [the court] then consider[s] [(5)] whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies."

*ReadyLink Healthcare, Inc. v. State Compensation Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014). If all five factors are met, the court "must abstain[.]" *Id.* at 758.

Here, all five prongs are met. First, the state court proceedings are ongoing, according to the plaintiffs' complaint. *See Complaint (Dkt. No. 1) at ¶ 3.* Second, the Supreme Court has held that state court proceedings initiated by the state to protect children are quasi-criminal for abstention purposes. *Moore v. Sims*, 442 U.S. 415, 423 (1979). Third, "family relations are a traditional area of state concern." *Id.* at 423.

**MEMORANDUM DECISION AND ORDER - 2**

Fourth, plaintiffs have not shown that they are barred from raising their federal challenges in the state court proceedings. *Sanchez*, 2018 WL 3956427 (N.D. Cal. 2018) (stating that "[i]f the constitutional claims in the case have independent merit, the state courts are competent to hear them."). Fifth, action from this Court would have the effect of enjoining the state court proceedings, and there is no evidence that the state court action is designed to harass, was brought in bad faith, or is being pursued under state statutes that are "flagrantly and patently violative of express constitutional prohibitions in every clause . . ." *Moore,* 442 U.S. at 424.

The Court recognizes that in *Cook v. Harding,* 879 F.3d 1035 (9th Cir. 2018), the Circuit refused to abstain in a civil dispute between two private parties each claiming parental rights over triplets born in a surrogacy arrangement. The plaintiff Cook had entered into a surrogacy arrangement to carry the child of C.M. When Cook learned that she was carrying triplets, a disagreement arose over whether there should be a "selective reduction of the fetuses." *Id.* at 1038. Cook filed a complaint in state court against C.M. to declare unconstitutional a state law recognizing the validity of surrogacy contracts, and C.M. filed a state court action to enforce the contract. Cook then filed an action in federal district court that was dismissed by the district court on the ground of *Younger* abstention. The Circuit reversed that part of the ruling, holding that the state court action was not a quasi-criminal proceeding brought by the state but merely a civil contract dispute between two private parties. *Id.* at 1040. Abstention would be appropriate, *Cook* noted, if the facts were closer to those in *Moore* where the state court action was initiated by the state to determine custody following allegations of child abuse, but because those

MEMORANDUM DECISION AND ORDER - 3

facts were not present in *Cook,* the district court erred in abstaining. *Id.*

The present case is like *Moore*, not *Cook*. Here, the state court action was initiated by the state to determine child custody – it is not a civil contract dispute between two private parties – and is hence a quasi-criminal proceeding under *Moore*. The other requirements for abstention are all satisfied, as discussed above. There is no evidence that the state court action is designed to harass, was brought in bad faith, or is being pursued under state statutes that are "flagrantly and patently violative of express constitutional prohibitions in every clause . . ." *Moore,* 442 U.S. at 424.

Although *Younger* is a narrow doctrine and applies only in exceptional circumstances, this Court believes this case to fall within the that category. The Court will therefore apply *Younger* abstention and grant the motion to dismiss. The Court will enter a separate Judgment pursuant to Rule 58(a).

ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss (docket no. 22) is GRANTED. The Clerk shall close this case.

DATED: February 26, 2019

B. Lynn Winmill
U.S. District Court Judge